UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | : | |
| WINSTON HENVILL, | : | Civil Action No. 13-CV-7501 |
| | : | Judge Daniels |
| *Plaintiff*, | : | |
| | : | |
| - against - | : | |
| | : | |
| METROPOLITAN TRANSPORTATION AUTHORITY, | : | **VERIFIED COMPLAINT** |
| JOHN D'AGOSTINO, KATHLEEN FINNERAN, | : | |
| JOSEPH PUGLIESE, STEVE GUARDINO, RICKY | : | |
| SMITH, KEVIN KIERAN, ALEXANDER LINDSAY, | : | |
| CHRISTOPHER NUTTER, and MICHAEL YASSO, | : | |
| | : | Trial by Jury |
| *Defendants*. | : | |
| | : | |

Plaintiff, Winston Henvill, by and through his attorneys, Wolin & Wolin, complaining of

defendants, Metropolitan Transportation Authority, John D'Agostino, Kathleen Finneran, Joseph

Pugliese, Steve Guardino, Ricky Smith, Kevin Kieran, Alexander Lindsay, Christopher Nutter, and

Michael Yasso, alleges as follows:

**Nature of Suit**

1.      This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e *et seq*.; the New York State Executive Law § 296 and § 297; and the

New York City Administrative Code §8-107 *et seq*.  This action is also brought pursuant to 42 U.S.C.

§ 1981 and § 1983.

2.      In this action, plaintiff alleges that defendants have discriminated against him on

account of his race/color (African-American) and have retaliated against him because of his

engagement in protected activity.  Plaintiff further alleges that by their actions, defendants have created a hostile work environment; all in violation of applicable statute.

3.     Plaintiff seeks monetary damages and such other relief as will redress defendants' actions.

## Jurisdiction and Venue

4.     Jurisdiction of the Court over this controversy is based upon 42 U.S.C. §2000e-5(f), 28 U.S.C. §§ 1331, 1343, 1346 and 2301 and 42 U.S.C. § 1983 and the Court's supplemental jurisdiction.

5.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 42 U.S.C. § 2000e-5(f)(3)  and 28 U.S.C. § 1391.

## Jury Demand

6.     Plaintiff demands a trial by jury in this action on each and every one of his claims.

## Parties

7.     Plaintiff, at all times relevant hereto, was and still is a citizen of the United States and a resident of the State of New York.

8.     Defendant METROPOLITAN TRANSPORTATION AUTHORITY ("MTA") was and still is a public authority operating under and by virtue of the laws of the State of New York and maintaining a principal place of business in the City, County and State of New York at 347 Madison Avenue.

9.     Defendant MTA, at all times relevant hereto, was and still is in the business of providing interstate public transportation services by rail and as defined pursuant to 49 U.S.C. §

5331 and 49 C.F.R. § 655 *et seq*.  In furtherance of said business purpose, defendant MTA maintains and operates a Police Department and employs Police Officers.

10.     Defendant MTA is a corporation engaged in an industry and/or activity affecting commerce, as defined in 42 U.S.C. § 2000e(g)(h).

11.     At all relevant times, defendant MTA had and still has at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.  Therefore, defendant MTA is an "employer" for purposes of 42 U.S.C. § 2000e *et seq*. and other relevant statute.

12.     At all times relevant hereto, defendant JOHN D'AGOSTINO ("D'Agostino"), was and still is employed as Deputy Chief, Support Services, by defendant MTA.

13.     At all times relevant hereto, defendant KATHLEEN FINNERMAN ("Finneran"), was and still is employed as Assistant Chief of Police by defendant MTA.

14.     At all times relevant hereto, defendant JOSEPH PUGLIESE ("Pugliese"), was and still is employed as a Police Sergeant by defendant MTA.

15.     At all times relevant hereto, defendant STEVE GUARDINO ("Guardino"), was and still is employed as a Police Sergeant by defendant MTA.

16.     At all times relevant hereto, defendant RICKY SMITH ("Smith"), was and still is employed as a Police Sergeant by defendant MTA.

17.     At all times relevant hereto, defendant KEVIN KIERAN ("Kieran"), was and still is employed as a Police Captain by defendant MTA.

18.     At all times relevant hereto, defendant ALEXANDER LINDSAY ("Lindsay"), was and

still is employed as a Police Lieutenant by defendant MTA.

19.    At all times relevant hereto, defendant CHRISTOPHER NUTTER ("Nutter"), was and still is employed as a Police Sergeant by defendant MTA.

20.    At all times relevant hereto, defendant MICHAEL YASSO ("Yasso"), was and still is employed as a Police Lieutenant by defendant MTA.

21.    The individual defendants participated in, condoned, acquiesced in and otherwise ratified the actions complained of herein.

22.    At all times relevant hereto and in all their actions described herein, the individual defendants were acting under color of law and pursuant to their authority as public officers.

23.    All of the actions described herein may be fairly said to represent official policy, ordinance and custom and were committed by public officers high enough in the relevant entity so that their actions may be said to represent official decisions.

### Exhaustion of Administrative Remedies

24.    On or about January 9, 2012, plaintiff filed a written Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and assigned Charge No. 520-2012-00936.

25.    In said Charge of Discrimination, plaintiff alleged that defendants had discriminated against him based upon his race/color (African-American).

26.    On or about May 5, 2012, plaintiff filed a supplemental written Charge of Discrimination with the EEOC.

27.    In said Supplemental Charge of Discrimination, plaintiff alleged that defendants had

continued to discriminate against him based upon his race/color and had retaliated against him because he had filed the Charge of Discrimination in January 2012.

28.    On July 29, 2013, the U.S. Department of Justice, Civil Rights Division, issued a Notice of Right to Sue to plaintiff with reference to his Charge of Discrimination.  Said notice advised plaintiff of his right to file an action against defendants in the appropriate federal court within ninety (90) days of his receipt thereof.

29.    Plaintiff has filed this action within ninety (90) days of his receipt of the Notice of Right to Sue.

30.    On or about January 10, 2012 and May 7, 2012, plaintiff caused a Notice of Claim and a Supplemental Notice of Claim, respectively, to be served upon defendants, pursuant to applicable statute, wherein he gave defendants notice of his claims.

31.    More than 30 days have elapsed since plaintiff served the Notice of Claim and the claim remains open and unpaid.

**Facts**

32.    Plaintiff is African-American.

33.    Plaintiff is employed as a Police Officer with defendant MTA.  He has been so employed for approximately fourteen (14) years.  He is currently assigned to MTA's District 3, which is Jamaica/Flatbush.  He has been assigned to District 3 for approximately six years.

34.    During the course of his employment and continuing to the recent past, plaintiff was subjected to discrimination and a hostile work environment by his supervisors because of his race/color and because he filed a Charge of Discrimination in January 2012.  This conduct has no

legitimate or justifiable reason and has been pervasive, ongoing and unwelcome. Plaintiff has been treated differently than his co-workers with respect to terms, conditions and benefits of employment. The supervisors who have committed this conduct include defendants D'Agostino, Finneran, Pugliese, Guardino, Smith, Kieran, Lindsay, Nutter and Yasso, all of whom are Caucasian.

35.    In late 2008, plaintiff became the subject of an unjustified and illegitimate investigation because he was allegedly not accurately documenting summonses that he had written. As a result of this investigation, defendant Finneran placed plaintiff on a "base post." Such a post is considered a punishment assignment.  Plaintiff remained on a "base post" for approximately one year.  During this time, plaintiff was also deprived of overtime.  Plaintiff eventually received disciplinary charges and, as a result, in May 2010, was compelled to forfeit approximately sixty (60) hours in accrued vacation.

36.    On November 9, 2011, plaintiff received a "Command Discipline," which resulted in a "Letter of Instruction" being issued.  In support of this action, defendant MTA alleged, in part, "Upon being questioned by Sergeant Guardino, Officer Henvill stated he lost his memo book in RMP #573 and was unable to locate it the following day that he returned to work."  This action was not justified and constituted differing treatment.  A "Letter of Instruction" permanently remains in an officer's personnel file and it can affect personnel actions, such as transfer and promotion.

37.    On November 9, 2011, plaintiff also received a "Command Discipline" because he had allegedly accepted two tours of overtime on the same day, in different commands.  As a result, plaintiff was suspended from duty for eighteen (18) hours and had another eighteen (18) hours held in abeyance for one year to be forfeited in the event of a similar incident.  In addition, plaintiff

lost an overtime opportunity.  Plaintiff believed that he was singled out and targeted for no justified reason.

38.     On January 9, 2012, Chief Michael R. Coon issued a "Notice of Intent to Discipline" falsely claiming that plaintiff violated MTA PD Policy and Procedure Manual concerning an incident that allegedly occurred on December 10, 2011.

39.     On February 12, 2012, plaintiff was counseled by defendant Nutter, without just cause, "on the importance of handing in summonses in a timely manner."  Plailntiff was warned that future occurrences of this nature "could result in disciplinary action."

40.     On February 20, 2012, in the good faith pursuit of his duties, plaintiff issued three (3) summonses to a wheelchair bound individual who was committing infractions. Plaintiff was required to write a memo explaining why he had issued the three (3) summonses.  Compelling an officer to write a memo explaining why he/she issued a summons is highly irregular.

41.     On February 25, 2012, plaintiff was informed, as per defendant Kieran, that he had to write a memo as to why he was 1-hour late for the beginning of overtime, even though Caucasian officers regularly report late for overtime, without consequence, and even get paid for the missed time.

42.     On February 27, 2012, plaintiff was advised by defendant Yasso that he had to report to Internal Affairs the following morning in civilian clothes.

43.     On March 12, 2012, defendant Yasso advised plaintiff that, until further notice, he could not issue summonses.  This prohibition is also highly irregular and was done at the direction of defendant Kieran.

44.     Plaintiff's supervisors have discriminated against him and created a hostile work environment in other ways as well.  Defendant Pugliese threatened plaintiff with insubordination.  Plaintiff has been denied training that he should have received, including DWI, Standard Field Sobriety Testing and MP-5 training during 2011.

45.     These actions were unjustified and without legitimate reason.  By their actions, defendants discriminated against plaintiff and created a hostile work environment for no good reason and were acting for purposes not related to legitimate job related reasons.

46.     At the same time, non-African-American officers are treated much more favorably with respect to said matters.

47.     Plaintiff alleges that, by their actions, defendants acted in a way that adversely affects his job status and which constitutes adverse employment actions.

**Count I against the MTA**

48.     Plaintiff alleges that the complained of actions, violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., in that the actions of defendant MTA constitutes unlawful employment practices because of plaintiff's race/color.

49.     By its actions, defendant MTA has treated plaintiff differently from other employees on account of his race/color and discriminated against him in compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*..

50.     By its actions, defendant MTA has also subjected plaintiff to a hostile work environment because of his race/color.

51.     The acts of defendant MTA have been pervasive, unfair, discriminatory, disruptive to plaintiff's title, position and physical and psychological well-being.

52.     The actions and conduct of defendant MTA constitute unlawful behavior and its purpose was to create an intimidating, hostile and offensive work environment.

53.     Defendant MTA cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein, nor can the actions be otherwise justified.  Any alleged non-discriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

54.     By reason of the actions and inactions of defendant MTA, whereby it has engaged in unlawful discriminatory practices based upon race/color, plaintiff has suffered economic loss; his career has been placed in jeopardy; was made emotionally and physically ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly injured.

55.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive relief and to an award of compensatory damages, punitive damages, other appropriate damages, attorneys fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count II Against All Defendants

56.     Plaintiff alleges that the complained of actions violate Article 15 of the New York State Executive Law, specifically § 296 and § 297, in that the actions of defendants constitute an unlawful employment practice because of plaintiff's race/color.

57.     By their actions, defendants have treated plaintiff differently from other employees on account of his race/color and discriminated against him in compensation, terms, conditions and privileges of employment in violation of Article 15 of the New York State Executive Law.

58.     By their actions, defendants have also subjected plaintiff to a hostile work environment because of his race/color.

59.     The acts of defendants have been pervasive, unfair, discriminatory, disruptive to plaintiff's title, position and physical and psychological well-being.

60.     The actions and conduct of defendants constitute unlawful behavior and their purpose was to create an intimidating, hostile and offensive work environment.

61.     Defendants cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein, nor can the actions be otherwise justified.  Any alleged non-discriminatory reason is nothing more than a pretext so that defendants could attempt to mask their actions.

62.     By reason of the actions and inactions of defendants, whereby defendants have engaged in unlawful discriminatory practices based upon race/color, plaintiff has suffered economic loss; his career was been placed in jeopardy; was made emotionally and physically ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly injured.

63.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive relief and to an award of compensatory damages, other appropriate damages, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

**Count III Against All Defendants**

64.    Plaintiff alleges that the complained of actions violate New York City Administrative Code §8-107 in that the actions of defendants constitute an unlawful employment practice because of plaintiff's race/color.

65.    By their actions, defendants have treated plaintiff differently from other employees on account of his race/color and discriminated against him in compensation, terms, conditions and privileges of employment in violation of New York City Administrative Code §8-107.

66.    By their actions, defendants have also subjected plaintiff to a hostile work environment because of his race/color.

67.    The acts of defendants have been pervasive, unfair, discriminatory, disruptive to plaintiff's title, position and physical and psychological well-being.

68.    The actions and conduct of defendants constitute unlawful behavior and their purpose was to create an intimidating, hostile and offensive work environment.

69.    Defendants cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein, nor can the actions be otherwise justified.  Any alleged non-discriminatory reason is nothing more than a pretext so that defendants could attempt to mask their actions.

70.    By reason of the actions and inactions of defendants, whereby defendants have engaged in unlawful discriminatory practices based upon race/color, plaintiff has suffered economic loss; his career has been placed in jeopardy; was made emotionally and physically ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment;

humiliation and was otherwise greatly injured.

71.    By reason of the foregoing, plaintiff has become entitled to appropriate injunctive relief and to an award of compensatory damages, punitive damages, other appropriate damages, attorneys fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count IV against the MTA

72.    Plaintiff alleges that the complained of actions, which occurred subsequent to January 2012, violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., in that the actions of defendant MTA constitutes unlawful employment practices because of plaintiff's protected activity.

73.    By its actions, defendant MTA has treated plaintiff differently from other employees on account of his protected activity and discriminated against him in compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*..

74.    By its actions, defendant MTA has also subjected plaintiff to a hostile work environment because of his protected activity.

75.    The acts of defendant MTA have been pervasive, unfair, discriminatory, disruptive to plaintiff's title, position and physical and psychological well-being.

76.    The actions and conduct of defendant MTA constitute unlawful behavior and its purpose was to create an intimidating, hostile and offensive work environment.

77.    Defendant MTA cannot demonstrate any legitimate non-discriminatory or non-

retaliatory reason for the actions complained of herein, nor can the actions be otherwise justified. Any alleged non-discriminatory or non-retaliatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

78.    By reason of the actions and inactions of defendant MTA, whereby it has engaged in unlawful discriminatory practices based upon plaintiff's protected activity, plaintiff has suffered economic loss; his career has been placed in jeopardy; was made emotionally and physically ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly injured.

79.    By reason of the foregoing, plaintiff has become entitled to appropriate injunctive relief and to an award of compensatory damages, punitive damages, other appropriate damages, attorneys fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

**Count V Against All Defendants**

80.    Plaintiff alleges that the complained of actions, which occurred subsequent to January 2012, violate Article 15 of the New York State Executive Law, specifically § 296 and § 297, in that the actions of defendants constitute an unlawful employment practice because of plaintiff's protected activity.

81.    By their actions, defendants have treated plaintiff differently from other employees on account of his protected activity and discriminated against him in compensation, terms, conditions and privileges of employment in violation of Article 15 of the New York State Executive Law.

82.     By their actions, defendants have also subjected plaintiff to a hostile work environment because of his protected activity.

83.     The acts of defendants have been pervasive, unfair, discriminatory, disruptive to plaintiff's title, position and physical and psychological well-being.

84.     The actions and conduct of defendants constitute unlawful behavior and their purpose was to create an intimidating, hostile and offensive work environment.

85.     Defendants cannot demonstrate any legitimate non-discriminatory or non-retaliatory reason for the actions complained of herein, nor can the actions be otherwise justified. Any alleged non-discriminatory or non-retaliatory reason is nothing more than a pretext so that defendants could attempt to mask their actions.

86.     By reason of the actions and inactions of defendants, whereby defendants have engaged in unlawful discriminatory practices based upon plaintiff's protected activity, plaintiff has suffered economic loss; his career was been placed in jeopardy; was made emotionally and physically ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly injured.

87.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive relief and to an award of compensatory damages, other appropriate damages, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

**Count VI Against All Defendants**

88.     Plaintiff alleges that the complained of actions, which occurred subsequent to January 2012, violate New York City Administrative Code §8-107 in that the actions of defendants

constitute an unlawful employment practice because of plaintiff's protected activity.

89.    By their actions, defendants have treated plaintiff differently from other employees on account of his protected activity and discriminated against him in compensation, terms, conditions and privileges of employment in violation of New York City Administrative Code §8-107.

90.    By their actions, defendants have also subjected plaintiff to a hostile work environment because of his protected activity.

91.    The acts of defendants have been pervasive, unfair, discriminatory, disruptive to plaintiff's title, position and physical and psychological well-being.

92.    The actions and conduct of defendants constitute unlawful behavior and their purpose was to create an intimidating, hostile and offensive work environment.

93.    Defendants cannot demonstrate any legitimate non-discriminatory or non-retaliatory reason for the actions complained of herein, nor can the actions be otherwise justified. Any alleged non-discriminatory or non-retaliatory reason is nothing more than a pretext so that defendants could attempt to mask their actions.

94.    By reason of the actions and inactions of defendants, whereby defendants have engaged in unlawful discriminatory practices based upon plaintiff's protected activity, plaintiff has suffered economic loss; his career has been placed in jeopardy; was made emotionally and physically ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly injured.

95.    By reason of the foregoing, plaintiff has become entitled to appropriate injunctive relief and to an award of compensatory damages, punitive damages, other appropriate damages,

attorneys fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count VII

96.     Defendants' actions also violate 42 U.S.C. § 1981 and § 1983.

### Prayer for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered against defendants, on each and every count hereinbefore pled, awarding him appropriate injunctive relief, an award of compensatory damages, an award of punitive damages, an award of other appropriate damages, an award of attorneys fees, an award of expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

Dated: Jericho, New York
          August 27, 2013

Respectfully submitted,
WOLIN & WOLIN

s/ *Alan E. Wolin*

By: Alan E. Wolin, Esq.
Attorney for *Plaintiff*
420 Jericho Turnpike, Suite 215
Jericho, New York 11753
Telephone: (516) 938-1199
Facsimile: (516) 938-1178
E-Mail: wolinlaw@aol.com

**<u>VERIFICATION</u>**

State of New York         )
                          )ss.:
County of Nassau          )

WINSTON HENVILL, being duly sworn, deposes and says:

I am the plaintiff in the within action and I have read the foregoing Verified Complaint and

know the contents thereof, the same is true to my knowledge, except as to those matters therein

stated to be based upon information and belief, and as to those matters I believe them to be true.


                                        s/ *Winston Henvill*

                                        WINSTON HENVILL


Sworn to before me this
27th day of August, 2013

s/ *Jill Fieman*
Notary Public

JILL A. FIEMAN
Notary Public, State of New York
No. 4993075
Qualified in Nassau County
Commission Expires 3/9/2014