UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WINSTON HENVILL, | : | Civil Action No. 13-CV-7501 |
| | : | Judge Daniels |
| *Plaintiff,* | : | |
| | : | **SECOND AMENDED** |
| - against - | : | **VERIFIED COMPLAINT** |
| | : | |
| METROPOLITAN TRANSPORTATION | : | |
| AUTHORITY, | : | |
| | : | |
| *Defendant.* | : | Trial by Jury |
| | : | |

Plaintiff, Winston Henvill, by and through his attorneys, Wolin & Wolin, complaining of the defendant, Metropolitan Transportation Authority, alleges as follows:

### Nature of Suit

1.      This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the New York State Executive Law § 296 and § 297; and the New York City Administrative Code § 8-107.

2.      In this action, plaintiff alleges that defendant has discriminated against him on account of his race/color (African-American) and has retaliated against him because of his engagement in protected activity, all in violation of applicable statute.

3.      Plaintiff seeks monetary damages and such other relief as will redress defendant's actions.

### Jurisdiction and Venue

4.      Jurisdiction of the Court over this controversy is based upon 42 U.S.C. §2000e-

5(f),  28 U.S.C. §§ 1331, 1343, 1346 and the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367..

5.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 42 U.S.C. § 2000e-5(f)(3)  and 28 U.S.C. § 1391.

**Jury Demand**

6.      Plaintiff demands a trial by jury in this action on each and every one of his claims.

**Parties**

7.      Plaintiff, at all times relevant hereto, was and still is a citizen of the United States and a resident of the State of New York.

8.      Defendant, METROPOLITAN TRANSPORTATION AUTHORITY, was and still is a public authority operating under and by virtue of the laws of the State of New York and maintaining a principal place of business in the City, County and State of New York at 347 Madison Avenue.

9.      Defendant, at all times relevant hereto, was and still is in the business of providing interstate public transportation services by rail and as defined pursuant to 49 U.S.C. § 5331 and 49 C.F.R. § 655 *et seq*.  In furtherance of said business purpose, defendant maintains and operates a Police Department and employs Police Officers.

10.      Defendant is a corporation engaged in an industry and/or activity affecting commerce, as defined in 42 U.S.C. § 2000e(g)(h).

11.      At all relevant times, defendant had and still has at least fifteen (15) or more

employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.  Therefore, defendant is an "employer" for purposes of 42 U.S.C. § 2000e *et seq*. and other relevant statute.

12.     At all times relevant hereto, Michael Coan was and still is employed as Chief of Police by defendant.

13.     At all times relevant hereto, Kevin Kieran was and still is employed as a Police Captain by defendant.

14.     At all times relevant hereto, Michael Yasso was and still is employed as a Police Lieutenant by defendant.

15.     At all times relevant hereto, Lee Dittrich was and still is employed as a Police Lieutenant by defendant.

16.     These individuals, at various times described herein, acted as plaintiff's supervisors within his chain of command.

## Exhaustion of Administrative Remedies

17.     On or about January 9, 2012, plaintiff filed a written Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and assigned Charge No. 520-2012-00936.

18.     In said Charge of Discrimination, plaintiff alleged that defendant had discriminated against him based upon his race/color (African-American).

19.     On or about May 5, 2012, plaintiff filed a supplemental written Charge of Discrimination with the EEOC.

20.     In said Supplemental Charge of Discrimination, plaintiff alleged that defendant had continued to discriminate against him based upon his race/color and had retaliated against him because he had filed the Charge of Discrimination in January 2012.

21.     On July 29, 2013, the U.S. Department of Justice, Civil Rights Division, issued a Notice of Right to Sue to plaintiff with reference to his Charges of Discrimination. Said notice advised plaintiff of his right to file an action against defendant in the appropriate federal court within ninety (90) days of his receipt thereof.

22.     On or about January 10, 2012 and May 7, 2012, plaintiff caused a Notice of Claim and a Supplemental Notice of Claim, respectively, to be served upon defendant, pursuant to applicable statute, wherein he gave defendant notice of his claims.

23.     More than 30 days elapsed since plaintiff served the Notice of Claim and the claim remained open and unpaid.

24.     On October 24, 2013, plaintiff commenced the within action.

25.     In a Memorandum Decision and Order dated October 10, 2014, the Honorable George B. Daniels, United States District Judge, declined to exercise supplemental jurisdiction over plaintiff's State and Local law claims and dismissed them without prejudice to being brought in State court.

26.     Plaintiff commenced an action on December 8, 2014 in the Supreme Court of the State of New York and for the County of New York under Index No. 162088-2014.

27.     Plaintiff filed an amended complaint in both actions to incorporate claims arising from his dismissal from defendant.

28.     The parties are now in agreement that the within action should be amended to include the State and Local law claims.

29.     The foregoing constitutes protected activity within the meaning of relevant statute.

### Facts

30.     Plaintiff is African-American.

31.     Plaintiff was employed as a Police Officer with defendant.  He had been so employed for approximately fourteen (14) years.  During the time relevant hereto, plaintiff was assigned to MTA's District 3, which is Jamaica/Flatbush.

32.     During the course of his employment, plaintiff was subjected to discrimination and retaliation by defendant because of his race/color and because he engaged in protected activity.  This conduct has no legitimate or justifiable reason.  Plaintiff has been treated differently than his co-workers with respect to terms, conditions and benefits of employment. The supervisors who have committed this conduct include the aforesaid individuals, all of whom are Caucasian.

33.     On November 9, 2011, plaintiff received a Command Discipline from Lt. Dittrich because he had allegedly accepted two tours of overtime on the same day, in different commands. As a result, plaintiff was ultimately suspended from duty and had additional hours held in abeyance.  In addition, plaintiff forfeited overtime opportunities.

34.     This said Command Discipline was excessive.  Plaintiff believes that he was singled out and targeted for no justified reason.  Caucasian officers have committed worse

alleged overtime violations.  For example, Caucasian officers have not appeared for overtime assignments and/or do not appear on time for overtime assignments.  These Caucasian officers include Officers Torone, Doscher, Scheck and Pfeiffer.  Defendant took no action against them.

35.     On March 12, 2012, Lt. Yasso advised plaintiff that, until further notice, he could not issue summonses.  As a result, defendant removed a material part of plaintiff's duties and responsibilities.  Plaintiff is not aware of any other officer having similar action taken by defendant. This action was done at the direction of Cpt.  Kieran.

36.     In a Notice dated June 17, 2013, Chief Coan issued plaintiff a Notice of Intent to Discipline.  The Notice alleged:

> An investigation has been conducted regarding your actions on April 19, 2013, April 26, 2013 and June 3, 2013 relative to the disappearance of Sgt. Sokira's memobook from District 4.  This investigation has revealed that your actions were in violation of the following sections of the Department Manual:
>
> Charge #1: Article No. 2, Section #2-01, Rules of Conduct, pg. 1 of 5; II. Policy, A. Prohibited Conduct, 1. General Rules, paragraph a., to wit:
>
> > "A member shall not engage in conduct prejudicial to good order, efficiency or discipline, whether or not specifically mentioned in this Manual."
>
> Specification #1: On April 19, 2013 at approximately 2354 hours, while inside of District 4 in the battery charger/storage area, you were captured on video taking possession of Sgt. Sokira's memobook and locking it inside a wall mounted gun locker.
>
> Specification #2: On April 16, 2013 at approximately 0625 hours, while assigned to District 4 at the 4012B Post (34th Street Entrance), you were asked by Sgt. Sokira if you had seen his memobook on either April 19, 2013 or April 20, 2013.  Your reply of "no" was less than truthful.

Charge #2: Article No. 2, Section #2-01, Rules of Conduct, pg. 4 of 5; II. Policy, A. Prohibited Conduct, 9.  Reports, paragraph a., to wit:

> "Any written or oral report must be accurate and timely.  A Member shall not make, maintain, or cause to be made a false or misleading entry in official records.  In addition, a Member shall not omit any relevant information from official reports.  A member must report to a Superior Officer any violation of this rule.:"

Specification #1: On June 3, 2013 during your interview in the Office of Internal Affairs, you stated that you had no recollection of observing or placing Sgt. Sokira's memobook inside a gun locker on April 19, 2013, while inside of District 4 in the battery charger/storage area room.

37.    As a result of this Notice of Intent to Discipline, defendant sought plaintiff's dismissal.

38.    Plaintiff vehemently denied the allegations and stated that there was no just cause to dismiss him and that the penalty of dismissal was excessive.

39.    An arbitration hearing was held and, in an Award dated April 24, 2015, plaintiff's dismissal was upheld.

40.    Plaintiff submits that there was no valid employment related reason to dismiss him and that his dismissal was discriminatory and retaliatory.

41.    Caucasian Police Officers, who have not engaged in protected activity and have committed far more egregious acts than that which plaintiff was accused of, have not been terminated, including Captain Fitzpatrick, Officer Gentile, Officer Doscher, Officer Buehler, Officer Stallone, Sgt. Smith, Officer Lucchessi, Officer Leblanc, Officer Davis, Officer Domingo

and Officer Chadderton.

42.     The actions against plaintiff were unjustified and without legitimate reason. By its actions, defendant discriminated and retaliated against plaintiff for no good reason and acted for purposes other than legitimate job related reasons.

43.     At the same time, non-African-American officers and officers who do not engage in protected activity are treated much more favorably with respect to said matters.

44.     Plaintiff alleges that, by its actions, defendant acted in a way that adversely affects his job status and which constitutes adverse employment actions.

## Count I

45.     Plaintiff alleges that the complained of actions, violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., in that the actions of defendant constitutes unlawful employment practices because of plaintiff's race/color.

46.     By its actions, defendant has treated plaintiff differently from other employees on account of his race/color and discriminated against him in compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*..

47.     The acts of defendant have been unfair, discriminatory, disruptive to plaintiff's title, position and physical and psychological well-being.

48.     Defendant cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein, nor can the actions be otherwise justified. Any alleged non-discriminatory reason is nothing more than a pretext so that defendant could attempt to mask

its actions.

49.     By reason of the actions and inactions of defendant, whereby it has engaged in unlawful discriminatory practices based upon race/color, plaintiff has suffered economic loss; his career has been irreparably harmed; he was made emotionally and physically ill; he suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly injured.

50.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive relief and to an award of compensatory damages, punitive damages, other appropriate damages, attorneys fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count II

51.     Plaintiff alleges that the complained of actions violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, in that the actions of defendant constitutes unlawful employment practices because of plaintiff's protected activity.

52.     By its actions, defendant has treated plaintiff differently from other employees on account of his protected activity and discriminated against him in compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*.

53.     The acts of defendant have been unfair, discriminatory, disruptive to plaintiff's title, position and physical and psychological well-being.

54.     Defendant cannot demonstrate any legitimate non-discriminatory or non-

retaliatory reason for the actions complained of herein, nor can its actions be otherwise justified. Any alleged non-discriminatory or non-retaliatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

55.     By reason of the actions and inactions of defendant, whereby it has engaged in unlawful discriminatory practices based upon plaintiff's protected activity, plaintiff has suffered economic loss; his career has been irreparably harmed; he was made emotionally and physically ill; he suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly injured.

56.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive relief and to an award of compensatory damages, punitive damages, other appropriate damages, attorneys fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Count III

57.     Plaintiff alleges that the complained of actions violate Article 15 of the New York State Executive Law, specifically § 296 and § 297, in that the actions of defendant constitutes an unlawful employment practice because of plaintiff's race/color.

58.     By its actions, defendant has treated plaintiff differently from other employees on account of his race/color and discriminated against him in compensation, terms, conditions and privileges of employment in violation of Article 15 of the New York State Executive Law, specifically § 296 and § 297.

59.     The acts of defendant have been unfair, discriminatory, disruptive to plaintiff's

title, position and physical and psychological well-being.

60.     Defendant cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein, nor can its actions be otherwise justified.  Any alleged non-discriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

61.     By reason of the actions and inactions of defendant, whereby it has engaged in unlawful discriminatory practices based upon plaintiff's race/color, plaintiff has suffered economic loss; his career has been placed irreparably harmed; he was made emotionally and physically ill; he suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly injured.

62.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive relief and to an award of compensatory damages in an amount to be determined by a jury at trial with appropriate interest.

**Count IV**

63.     Plaintiff alleges that the complained of actions violate Article 15 of the New York State Executive Law, specifically § 296 and § 297, in that the actions of defendant constitutes an unlawful employment practice because of plaintiff's protected activity.

64.     By its actions, defendant has treated plaintiff differently from other employees on account of his protected activity and discriminated against him in compensation, terms, conditions and privileges of employment in violation of Article 15 of the New York State Executive Law, specifically § 296 and § 297.

65.     The acts of defendant have been unfair, discriminatory, disruptive to plaintiff's title, position and physical and psychological well-being.

66.     Defendant cannot demonstrate any legitimate non-discriminatory or non-retaliatory reason for the actions complained of herein, nor can its actions be otherwise justified.  Any alleged non-discriminatory or non-retaliatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

67.     By reason of the actions and inactions of defendant, whereby it has engaged in unlawful discriminatory practices based upon plaintiff's protected activity, plaintiff has suffered economic loss; his career has been irreparably harmed; he was made emotionally and physically ill; he suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly injured.

68.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive relief and to an award of compensatory damages in an amount to be determined by a jury at trial with appropriate interest.

**Count V**

69.     Plaintiff alleges that the complained of actions violate New York City Administrative Code §8-107 in that the actions of defendant constitute an unlawful employment practice because of plaintiff's race/color.

70.     By its actions, defendant has treated plaintiff differently from other employees on account of his race/color and discriminated against him in compensation, terms, conditions and privileges of employment in violation of New York City Administrative Code §8-107.

71.     The acts of defendant have been unfair, discriminatory, disruptive to plaintiff's title, position and physical and psychological well-being.

72.     Defendant cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein, nor can its actions be otherwise justified.  Any alleged non-discriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

73.     By reason of the actions and inactions of defendant, whereby it has engaged in unlawful discriminatory practices based upon plaintiff's race/color, plaintiff has suffered economic loss; his career has been irreparably harmed; he was made emotionally and physically ill; he suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly injured.

74.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive relief and to an award of compensatory damages, punitive damages, other appropriate damages, attorneys fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

**Count VI**

75.     Plaintiff alleges that the complained of actions violate New York City Administrative Code §8-107 in that the actions of defendant constitute an unlawful employment practice because of plaintiff's protected activity.

76.     By its actions, defendant has treated plaintiff differently from other employees on account of his protected activity and discriminated against him in compensation, terms,

conditions and privileges of employment in violation of New York City Administrative Code §8-107.

77.     The acts of defendant have been unfair, discriminatory, disruptive to plaintiff's title, position and physical and psychological well-being.

78.     Defendant cannot demonstrate any legitimate non-discriminatory or non-retaliatory reason for the actions complained of herein, nor can its actions be otherwise justified.  Any alleged non-discriminatory or non-retaliatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

79.     By reason of the actions and inactions of defendant, whereby it has engaged in unlawful discriminatory practices based upon plaintiff's protected activity, plaintiff has suffered economic loss; his career has been irreparably harmed; he was made emotionally and physically ill; he suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly injured.

80.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive relief and to an award of compensatory damages, punitive damages, other appropriate damages, attorneys fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## Prayer for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered against defendant, on each and every count hereinbefore pled, awarding him appropriate injunctive relief, compensatory damages, punitive damages, other appropriate damages, attorneys fees,

expert fees, and costs and disbursements in an amount to be determined by a jury at trial with

appropriate interest.

Dated: Jericho, New York
        November 28, 2017

                                Respectfully submitted,
                                WOLIN & WOLIN

                                *Alan E. Wolin*
                                By: Alan E. Wolin, Esq.
                                Attorney for *Plaintiff*
                                420 Jericho Turnpike, Suite 215
                                Jericho, New York 11753
                                Telephone: (516) 938-1199
                                Facsimile: (516) 938-1178
                                E-Mail: wolinlaw@aol.com

**VERIFICATION**

State of New York )
                  )ss.:
County of Nassau  )

      WINSTON HENVILL, being duly sworn, deposes and says:

      I am the plaintiff in the within action and I have read the foregoing Second Amended

Verified Complaint and know the contents thereof, the same is true to my knowledge, except

as to those matters therein stated to be based upon information and belief, and as to those

matters I believe them to be true.

                                      WINSTON HENVILL

Sworn to before me this
28th day of November, 2017

Notary Public

JILL A. FIEMAN
Notary Public, State of New York
No. 4993075
Qualified in Nassau County
Commission Expires 3/9/2018

-16-