**MANDATE**

22-2731-cv
Henvill v. Metropolitan Transportation Authority

1:13-cv-07501-GBD

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
BETH ROBINSON,
ALISON J. NATHAN,
*Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/27/2023__

------------------------------------------------------------------

WINSTON HENVILL,

*Plaintiff-Appellant*,

v.                                                                           No. 22-2731-cv

METROPOLITAN TRANSPORTATION
AUTHORITY,

*Defendant-Appellee.*[*]

------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

MANDATE ISSUED ON 11/27/2023

| | |
|---|---|
| FOR APPELLANT: | ALAN E. WOLIN, Wolin & Wolin, Jericho, NY |
| FOR APPELLEE: | WILLIAM T. O'CONNELL, Goldberg Segalla LLP, White Plains, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Winston Henvill appeals from a September 28, 2022 judgment of the District Court granting summary judgment in favor of Henvill's former employer, the Metropolitan Transportation Authority (MTA). Claiming retaliation and racial discrimination, Henvill, who is Black and was formerly employed as a police officer with the MTA, sued under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law (NYSHRL), and the New York City Human Rights Law (NYCHRL). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In this appeal, we consider only Henvill's claims that (1) the removal of his authority to issue summonses after he filed a complaint with the Equal

2

Employment Opportunity Commission (EEOC) constitutes unlawful retaliation, (2) the command discipline he received for accepting two simultaneous tours of overtime constitutes unlawful racial discrimination, and (3) his ultimate termination constitutes both unlawful retaliation and unlawful racial discrimination.

To defeat summary judgment as to these claims, Henvill was required to "proffer admissible evidence that sets forth specific facts showing a genuinely disputed factual issue that is material under the applicable legal principles." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008) (cleaned up). "It is appropriate for a district court ruling on summary judgment to consider only admissible evidence." *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 269 F.3d 114, 123 (2d Cir. 2001). The District Court dismissed all three claims as a matter of law because it concluded that Henvill failed to raise a genuine dispute of material fact as to any of them. Reviewing the District Court's award of summary judgment *de novo* and construing the evidence in Henvill's favor, *see Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013), we agree.

3

## I. Removal of Authority to Issue Summonses

First, Henvill fails to show a causal connection between his protected activity (filing the EEOC complaint) and the MTA's decision to strip him of the authority to issue summonses. Henvill's Title VII and NYSHRL claims require a showing that the protected activity was a but-for cause of the adverse employment action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). "[T]o prevail on a retaliation claim under the NYCHRL, the plaintiff must show that she took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013).

Henvill relies almost entirely on the two-month gap between his EEOC complaint and the removal of his summons authority in March 2012 to argue that he has a triable claim of retaliation.[1] But temporal proximity alone does not create a genuine dispute of material fact as to causation when, as here, there is

---

[1] Henvill also argues that he was told by an MTA Lieutenant that there was a "target on his back." But this conversation took place *before* he filed his EEOC complaint and thus does not support Henvill's claim that MTA retaliated against him for filing that complaint.

4

"an extensive period of progressive discipline" preceding the "filing of the EEOC charges." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) (quotation marks omitted); *see also Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 847 (2d Cir. 2013).   As the District Court detailed, Henvill violated a number of MTA rules related to the issuance of summonses prior to January 2012, when he filed his EEOC complaint.   From 2008 through 2010, he was repeatedly investigated and disciplined or otherwise corrected by the MTA for failing to properly record and document the vehicle and traffic law summonses he issued. In 2009 he was issued a Notice of Intent to Discipline for his failure to record and document summonses, prohibited from issuing summonses without supervisory approval, and assigned to desk duty.   Henvill's infractions persisted into 2010, when the MTA demoted him for performing traffic stops without properly notifying the MTA Police Communications Unit and for improperly issuing moving violations.

Henvill's summons-related infractions and the resulting progressive disciplinary actions thus occurred well before he filed his complaint with the EEOC in January 2012.   For this reason, we agree that Henvill's retaliation claims under Title VII, the NYSHRL, and the NYCHRL arising from the removal

5

of his authority to issue summonses should be dismissed as a matter of law in light of the absence of admissible evidence that the removal was a result of his EEOC complaint.

**II.    Command Discipline**

We next turn to Henvill's racial discrimination claims arising from the command discipline he received for booking two simultaneous tours of overtime.   Henvill failed to adduce any admissible evidence that he was treated less well than similarly situated comparators who belonged to a different racial group.   In particular, Henvill failed to point to evidence based on his personal knowledge that the comparators he identified were not disciplined for engaging in similar conduct.   *See Shumway v. UPS, Inc.*, 118 F.3d 60, 64–65 (2d Cir. 1997) (granting summary judgment to defendant where plaintiff "admits that in most of the [comparator] cases she cites she has no personal knowledge of the alleged violations but heard about them because they were 'common knowledge'"). Henvill also fails to point to evidence that he and these comparators shared similar disciplinary histories.

It is true that under the burden-shifting framework applicable to Title VII and NYSHRL discrimination claims, if the plaintiff establishes a prima facie case

6

of discrimination, the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for its action, after which the plaintiff must show that the defendant's reason was pretextual. *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Even assuming, however, that Henvill established a prima facie case of discrimination, he has not shown that the MTA's legitimate, non-discriminatory reason for the command discipline – namely, Henvill's two simultaneous tours of overtime – was pretextual. Although "[a] showing that similarly situated employees belonging to a different racial group received more favorable treatment" can be used to show pretext, *Graham v. Long Island R.R.*, 230 F.3d 34, 43 (2d Cir. 2000), as discussed above, Henvill has proffered no admissible evidence to that effect.

For these reasons, we conclude that Henvill's racial discrimination claims under Title VII, the NYSHRL, and the NYCHRL pertaining to his command discipline were properly dismissed as a matter of law.

**III.   Termination**

Finally, Henvill claims that the June 2013 Notice of Intent to Discipline and the decision to terminate him constitute unlawful retaliation and discrimination. In addition to the summons-related infractions discussed above, however, from

7

2011 to 2013 Henvill was disciplined for losing his memo book, abandoning his assigned training partner, showing up late to an overtime shift, and lying to MTA investigators about taking another officer's memo book and locking it inside a gun locker. We therefore agree with the District Court's decision to dismiss these claims as a matter of law, in particular because Henvill fails to identify any genuine dispute of material fact as to the MTA's decision to terminate him based on his lies to MTA investigators — lies that also prompted the June 2013 Notice of Intent to Discipline.

Pointing to various comparators, Henvill nevertheless argues that the MTA's explanation for the Notice of Intent to Discipline and his termination is a pretext for retaliation and racial discrimination. We are not persuaded. The comparators whom Henvill identifies did not lie to investigators or otherwise engage in a similar pattern of misconduct. Nor does Henvill point to admissible evidence that he and these comparators shared similar disciplinary histories.

Finally, we reject Henvill's argument that the District Court failed to sufficiently evaluate his claims under the NYCHRL, applying that law's less exacting standards for assessing retaliation and race discrimination. The District Court correctly noted NYCHRL's distinct standards for evaluating

8

claims of retaliation and race discrimination. *Henvill v. Metropolitan Transp. Auth.*, No. 13 Civ. 7501, 2022 WL 4467338, at *4, *6 n.4 (S.D.N.Y. Sept. 26, 2022). The District Court expressly concluded that the distinction did not affect its resolution of Henvill's NYCHRL claims. *Id*. at *6 & n.4.

Accordingly, we agree with the District Court that there is no genuine dispute of material fact that prevented it from entering summary judgment in the MTA's favor on Henvill's Title VII, NYSHRL, and NYCHRL retaliation and discrimination claims.

We have considered Henvill's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



9

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit